1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHARLES JONES,                              No.  2:20-cv-1984 AC P

12                Plaintiff,

13        v.                                     ORDER

14   CURTIS ALLEN, et al.,

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil

18   rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        Plaintiff's First Amended Complaint ("FAC") is before the court for screening.  ECF No.

21   14.  For the reasons stated below, plaintiff will be given the opportunity to either amend the FAC

22   or proceed on the cognizable claims identified below.

23        I.    SCREENING REQUIREMENT

24        The court is required to screen complaints brought by prisoners seeking relief against a

25   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7  Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

9  which relief may be granted if it appears beyond doubt that a plaintiff can prove no set of facts in

10  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

11  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

12  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

13  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

14  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

15  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

16  McKeithen, 395 U.S. 411, 421 (1969).

17    II.    FIRST AMENDED COMPLAINT

18    Plaintiff is an inmate housed at California State Prison – Solano ("CSP-Solano").  He

19  names as defendants CSP-Solano Chief Medical Officer Curtis Allen, Registered Nurses Erika

20  Ramirez and Melani de la Vega, and Nurse Practitioner Debrina Sanchez.  ECF No. 14 at 1-2.

21    Plaintiff alleges[1] that on September 28, 2019, he went "man down" due to blood coming

22  from his inflamed, apparently infected[2] right foot.  ECF No. 14 at 3, 13.  At the medical clinic,

23  staff told plaintiff that because his blood pressure was high, he would not be able to leave until it

24  went down.  Id.  In response, plaintiff asked for a refusal slip in order to explain that his blood

25  pressure was high because he had missed his 12:00 blood pressure pill, and that he simply wanted

26

27  [1]  The court has referred to plaintiff's attachments in construing the allegations of the FAC.  See
     ECF No. 14 at 13-16, 27.

28  [2]  Plaintiff states that his foot was bleeding and "had yellowish discharge."  ECF No. 14 at 3.

1    to get his medication after his injured foot was cleaned.  See id. at 3, 13, 15.

2         When plaintiff received the refusal slip, the information on it was incorrect.  He wrote on

3    the form, explaining the actual reason why he wanted to leave the clinic, which was the truth.

4    ECF No. 14 at 3, 13, 15.  Because of his response, defendant de la Vega became very upset and

5    she and defendant Ramirez refused to clean plaintiff's bleeding foot.  Instead, de la Vega

6    contacted a correctional officer and instructed her to take the refusal slip from plaintiff and kick

7    him out of the medical clinic.  Id. at 3.  Defendant Sanchez, who was also present as the incident

8    unfolded, agreed that plaintiff should be sent back.

9         Defendants did not give plaintiff a wheelchair to use in returning from the clinic, even

10   though his injury and underlying cellulitis warranted it.  ECF No. 14 at 3.  Plaintiff was forced to

11   hop and walk back in pain on his bleeding foot.  Id. at 3, 15.  The following Monday, a doctor

12   ordered that plaintiff "lay in" until October 4, 2019.  Id. at 15.

13        Plaintiff contends that the actions and inactions of defendants de la Vega, Ramirez, and

14   Sanchez constituted deliberate indifference to his serious medical needs in violation of his Eighth

15   Amendment rights.  See generally ECF No. 14 at 3.  Although plaintiff also names Chief Medical

16   Officer Curtis Allen as a defendant in the FAC (id. at 1), he makes no specific allegations about

17   him in it.  See generally id. at 1-6.

18        III.   DISCUSSION

19             A.  Claims for Which a Response Will Be Required

20        Plaintiff has stated a cognizable Eighth Amendment deliberate indifference claim against

21   defendants Ramirez, de la Vega, and Sanchez.  "[T]he government has an obligation to provide

22   medical care for those whom it punishes by incarceration."  Hutchinson v. United States, 838

23   F.2d 390, 394 (9th Cir. 1988) (brackets added) (citing Estelle v. Gamble, 429 U.S. 97 (1976)).  To

24   state a viable claim of deliberate indifference to serious medical need, a plaintiff must show that:

25   (1) a serious medical need exists, and (2) defendant's response was deliberately indifferent.

26   Serious medical need can be show by demonstrating that a failure to treat a prisoner could result

27   in significant injury or worsening pain.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  A

28   deliberately indifferent response can be shown by a purposeful act or failure to respond to a

1   prisoner's pain or possible medical need coupled with harm caused by that indifference.  Id.

2          Plaintiff's allegations regarding the state of his foot adequately demonstrate the existence

3   of a serious medical need.  See Jett, 439 U.S. at 1096.  Defendants' failure to treat plaintiff's foot,

4   and their alleged ejection of plaintiff from the clinic without a wheelchair because he objected to

5   an inaccurate refusal slip, support an inference of deliberate indifference on the part of defendants

6   de la Vega and Ramirez.  Furthermore, because defendant Sanchez had a duty to intervene but

7   failed to do so, see United States v. Reese, 2 F.3d 870, 887-88 (9th Cir. 1993); Ting v. United

8   States, 927 F.2d 1504, 1511 (9th Cir. 1991), she may also be held liable for violating plaintiff's

9   Eighth Amendment rights.

10         Accordingly, de la Vega, Ramirez and Sanchez will be directed to respond to the FAC

11  once it has been served.

12                 B.  Failure to State a Claim

13         Plaintiff has not stated a cognizable claim against named defendant Allen, the Chief

14  Medical Officer of CSP-Solano.  The FAC contains no facts showing what role—if any—

15  defendant Allen played in violating plaintiff's rights.

16         To the extent that Allen is being sued because of his supervisory position over Ramirez,

17  de la Vega, and Sanchez, plaintiff is informed that a supervisor cannot be held liable under § 1983

18  for the actions of his subordinates simply because he supervises them.  There is no vicarious

19  liability under the statute.  Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989).  A claim

20  against Allen requires facts showing that he was personally involved in violating plaintiff's

21  Eighth Amendment rights, or that he did or failed to do something that caused the other

22  defendants to violate plaintiff's rights.  Starr v. Baca, (9th Cir. 2011) (citing Hansen, 885 F.2d at

23  646).  If plaintiff opts to amend the complaint and present a claim against defendant Allen, he

24  should be careful to provide such facts.

25                 IV.  OPTIONAL LEAVE TO AMEND

26         For the reasons stated above, the court finds that plaintiff has not stated a claim against

27  defendant Curtis Allen, Chief Medical Officer of CSP-Solano.  Plaintiff will, however, be given

28  the opportunity to amend the complaint if he wishes.

Plaintiff may proceed forthwith to serve the following defendants employed at CSP-Solano for deliberate indifference to his medical needs in violation of the Eighth Amendment:

- Erika Ramirez, Registered Nurse;

- Melani de la Vega, Registered Nurse; and

- Debrina Sanchez, Nurse Practitioner.

In the alternative, plaintiff may delay serving these defendants and first amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file one.  If plaintiff elects to proceed on his viable claims against defendants without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of the claims that the court has identified as not cognizable.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  See id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268 (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

1  in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint,

2  the original complaint no longer serves any function in the case.  Therefore, in an amended

3  complaint, as in an original complaint, each claim and the involvement of each defendant must be

4  sufficiently alleged.

5  V.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

6  Your allegations against nurses Ramirez, de la Vega and Sanchez state a claim for

7  violation of your Eighth Amendment rights, and they will be required to respond to the complaint.

8  However, you have not provided any facts showing that Chief Medical Officer Allen violated

9  your rights.  You cannot sue him for what the other defendants did just because he was their boss

10  or because he was the person responsible for medical care overall; you can only sue him if he did

11  or failed to do something specific that cause the violation of your rights.

12  You have a choice to make.  If you want to drop the claim against Dr. Allen and proceed

13  only against defendants Ramirez, de la Vega and Sanchez, you may do so right away.  Or you

14  may delay serving Ramirez, de la Vega and Sanchez in order to amend the complaint and try to

15  fix your claim against Dr. Allen.

16  If you want to go forward without amending the complaint, you will be voluntarily

17  dismissing without prejudice any claims against defendant Allen.  If you choose to amend your

18  complaint, the amended complaint must include all the claims you want to make, including the

19  ones that have already been found to state a claim, because the court will not look at the claims or

20  information in the original complaint.  **Any claims not in the amended complaint will not be**

21  **considered.**  You must complete the attached notification showing what you want to do and

22  return it to the court.  Once the court receives the notice, it will issue an order telling you what

23  you need to do next (i.e., file an amended complaint or wait for defendants to be served).

24  Accordingly, IT IS HEREBY ORDERED that:

25  1.   The court has screened the first amended complaint and finds that it states an

26  Eighth Amendment claim for relief against defendants Erika Ramirez, R.N.; Melani de la Vega,

27  R.N. and Debrina Sanchez, N.P., for deliberate indifference to plaintiff's medical needs.

28  ////

1    Plaintiff has not stated any cognizable claim against defendant Curtis Allen, CMO of California

2    State Prison – Solano.

3          2.   Plaintiff has the options of (a) proceeding immediately on his Eighth Amendment

4    deliberate indifference claims against defendants Erika Ramirez, R.N.; Melani de la Vega, R.N.

5    and Debrina Sanchez, N.P. of California State Prison – Solano, and voluntarily dismissing his

6    claim against Curtis Allen, or (b) amending the complaint.

7          3.      Within fourteen days of service of this order, plaintiff shall complete and return

8    the attached form notifying the court whether he wants to proceed on the First Amended

9    Complaint as screened or wants to file a Second Amended Complaint.  If plaintiff does not return

10   the form, the court will assume that he is choosing to proceed on the complaint as screened and

11   will recommend the dismissal of defendant Curtis Allen without prejudice.

12   DATED: May 9, 2022

13

14                                                  ALLISON CLAIRE
                                                    UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARLES JONES,                              No.  2:20-cv-1984 AC P

12                      Plaintiff,

13           v.                                   PLAINTIFF'S NOTICE ON HOW TO
                                                  PROCEED
14    CURTIS ALLEN, et al.,

15                      Defendants.

16           CHECK ONE:

17    _____   Plaintiff would like to proceed immediately on his Eighth Amendment deliberate

18    indifference claims against defendants Erika Ramirez, R.N.; Melani de la Vega, R.N., and

19    Debrina Sanchez, N.P.  Plaintiff understands that by choosing to go forward without amending

20    the complaint, he is voluntarily dismissing defendant C. Allen and any claims against him

21    pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

22    _____   Plaintiff would like to amend the complaint.

23

24    DATED:  _____

25                                                _____
                                                  CHARLES JONES
26                                                Plaintiff Pro Se

27

28